JULIA A. CARPENTER, RESPONDENT, v. ELDRED LOTT, SHERIFF, ETC., APPELLANT.

*Action to foreclose a lien on a chattel — Code of Civil Procedure, secs. 1737, 1741 — a warrant to the sheriff to seize and hold the chattel does not protect him in taking it from the possession of one who is not a party to the action, and claims to be the owner thereof.*

In an action brought to foreclose a lien upon a chattel a warrant was issued, as prescribed in section 1738 of the Code of Civil Procedure, to a sheriff commanding him to seize the chattel and safely keep it to abide the final judgment in the action. The sheriff, pursuant to the warrant, which was regular on its face, took the chattel from the actual possession of a person not a party to the action who claimed to be, and was in fact, the owner thereof.

*Held,* that such person could, after a demand for the chattel and a refusal of the sheriff to restore it, maintain an action against him to recover the chattel so taken.

APPEAL from a judgment, entered on a verdict in an action originally commenced in the Chautauqua County Court.

The action was brought to recover from the defendant certain articles of personal property of which the plaintiff claimed to be the owner. The defendant, as sheriff, seized the property, of which the plaintiff had actual possession at the time, under and by virtue of a warrant issued in an action to foreclose a lien, in pursuance of the provisions of sections 1737, 1738 of the Code of Civil Procedure.

The plaintiff was not a party to the action in which the warrant was issued. On the trial the plaintiff's evidence tended to prove that she was the owner of the property, and that the lien set up by the plaintiff in the foreclosure suit was subsequent and inferior to that of her own.

The only question of importance involved in this action is whether the plaintiff as owner of the property, involved in the litigation, can maintain this action as against the sheriff who stands upon the warrant as his justification.

*Abner Hazeltine* and *Marvin Smith*, for the appellant.

*William M. Newton*, for the respondent.

BARKER, J.:

At the time the sheriff seized the property, the plaintiff was in actual possession of the same. The jury by their verdict have found that she was the owner. The defendant justifies his action in seizing the property upon the sole ground that the warrant under which he acted commanded him to take and hold the property, and as the same is valid on its face he is fully protected.

In the foreclosure suit the plaintiff therein claimed to have a valid lien on the chattels mentioned, placed thereon by the defendant in such action. As the chattels were not in the possession of the plaintiff, she procured from the county judge a warrant for the seizure of the articles, as provided by section 1738 of the Code of Civil Procedure, and delivered the same to the defendant herein to be executed by him, as sheriff, according to its commands.

Such warrant is in all respects in due form of law, and concluded as follows: " You are hereby commanded to seize the said chattels and safely keep them to abide the final judgment in this action."

At common law, a public officer is not liable in an action of tort for an act done in the strict discharge of his duty, performed in exact compliance with the requirements of the law. As the writ in the hands of the sheriff, and under which he acted, commanded him to seize particular chattels, without any regard as to where the same might be found, or in whose possession the same might be, the rule of the common law, as stated, would afford him complete protection, and he is not liable in an action of this nature, unless the rule is changed in some respect by statutory regulations. After the sheriff seized the property, the plaintiff herein made a demand of the goods from him, based upon her title, and he neglected to return the goods as requested.

We are of the opinion that the demand and refusal to deliver the goods, secured to the plaintiff the right to prosecute, and as it has been determined that she was the owner of the property, the warrant was no justification for the refusal to comply with the demand. In making the seizure he acted rightfully ; in detaining the property after a demand, he acted wrongfully.

Allowing a warrant to issue to seize chattels, in an action to foreclose a lien thereon, prior to final decree, is novel, and is permitted by section 1738 of the Code of Civil Procedure. It is also in the

same section provided, that the provisions of the Code concerning the attachment of property shall apply to such a warrant and to the proceedings to procure it, and, after it has issued, as if it was a warrant of attachment, except as otherwise provided in the section of the Code relating to the foreclosure of a lien upon chattels.

A claimant to property seized by a warrant of attachment, who is not a party to the action, may maintain an action of replevin against an officer with a view of establishing his title to the property. The form of the warrant of attachment is prescribed by the statute, and is a command to seize the property of the defendant, and if he takes the property of a third person, he does so at his peril, for he. has failed to follow the terms of the precept in his hands.

There is a provision that if the goods attached by the officer as the property of the defendant, are claimed by another person as his property, the sheriff may, in his discretion, impannel a jury to try the validity of the claim, and if the jury find the title of the property to be in the claimant at the time of the levy, the sheriff must forthwith deliver to him or his agent the goods and effects which he has seized, unless the plaintiff gives him an undertaking with sufficient sureties, to indemnify the officer for the detention thereof. · If the undertaking is given, then the sheriff must detain the goods and effects as the property of the defendant. (Code of Civil Pro., §§ 657, 658.)

If the sheriff had summoned a jury, and they had found the title of the property in the claimant, then it would have been the sheriff's duty to deliver to her the property, unless he had been indemnified by the plaintiff in the foreclosure suit, as required by the statute. Such indemnity would have afforded him a complete protection as against the results of this action. By refusing to impannel a jury, the defendant cannot thwart the purpose of the statute and defeat the right of the claimant to maintain an action, based upon her claim of title. (*Manning* v. *Keenan*, 73 N. Y., 45.)

It was the intention of the legislature, in adopting the provisions which have been mentioned, to secure to a successful claimant the property in controversy or a right to prosecute the officer for the alleged wrongful detention. We are unable to discover any intention on the part of the legislature in regulating the proceedings to foreclose a lien on chattels to authorize a seizure of the same by

warrant at the instance of the plaintiff in such action, and deprive third parties of all right to set up a claim thereto pending the foreclosure proceedings. It was stipulated on the trial, as a fact, that the sheriff did seize and take into his custody the chattels mentioned. The affidavit prepared by the plaintiff and served upon the defendant before the commencement of this action, states that she is the owner, and as the property was taken from her actual possession, it may be regarded as a demand made upon the sheriff to return the property to her, no point being made upon the trial that the same was defective.

Judgment affirmed, new trial denied, with costs.

SMITH, P. J., and HARDIN, J., concurred.

Judgment of County Court affirmed, with costs.